FILED
CLERK, U.S. DISTRICT COURT

SEP - 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES L. GRAF, | ) | NO. CV 07-4731-VAP(E) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING |
| PATTI PEOPLES, et al., | ) | COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | ) | |

For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

BACKGROUND

On July 20, 2007, Plaintiff, a federal prisoner proceeding pro se, filed a ninety-three page Complaint, accompanied by numerous exhibits. The Complaint purports to allege claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, claims under the civil rights acts, 42 U.S.C. §§ 1983, 1985 and 1986, and various state law claims. Defendants are: (1) Plaintiff's

1 ex-wife Karen Graf; (2) Plaintiff's former sister-in-law Patti
2 Peoples; (3) Patti Peoples' husband Ron Peoples, "individual and as
3 Orange County Sheriff"; (4) Plaintiff's former father-in-law, Arthur
4 Knight; (5) John Webster, assertedly a judgment creditor of a
5 corporation allegedly owned by Plaintiff; (6) private parties Arthur
6 Gomez, "Pete Last Name Unknown" and "Raul Last Name Unknown"; (7) Debi
7 Rikli, "individual and as United States Postal Inspector"; (8) Julie
8 Lowrie, "individual and as United States Department of Labor";
9 (9) Jill Feeney, "individual and as Assistant United States Attorney";
10 (10) Mark Krause, "individual and as Assistant United States
11 Attorney"; (11) Thomas Paramo, "individual and as Internal Revenue
12 Service"; (12) Paul C. Adair, "individual and as Solicitor, United
13 States Department of Labor"; (13) William Scott, "individual and as
14 Solicitor, United States Department of Labor"; (14) Elaine Chao,
15 "individual and as Secretary, United States Department of Labor";
16 (15) Jan Nemmert, "individual and as California Department of
17 Insurance"; and (16) Steve Poizner, "individual and as Commissioner,
18 California Department of Insurance."

19

20      Plaintiff's claims arise out of Plaintiff's alleged failure to
21 repay money loaned to Plaintiff by Defendant Knight.  Plaintiff
22 essentially alleges that the private party Defendants: (1) conspired
23 with each other and various federal and state Defendants to subject
24 Plaintiff to extortion, kidnapping, assault, stalking, home invasion
25 robbery, threats, attempted murder, harassment, defamation, and injury
26 to reputation; (2) conspired with the federal and state Defendants to
27 cause the California Department of Insurance to investigate Plaintiff
28 for insurance fraud and to issue a cease and desist order against

Plaintiff; (3) conspired with the federal and state Defendants to cause the Department of Labor to bring an ERISA enforcement action in the United States District Court for the District of Nevada; and (4) conspired with the federal and state Defendants to cause Plaintiff to be investigated and prosecuted for federal crimes, including mail fraud and misappropriation from a health care benefit program. Plaintiff seeks compensatory and punitive damages.

The Complaint alleges the following purported claims:

1.  Violation of 18 U.S.C. section 1962(b) (RICO) against Defendants Patti and Ron Peoples, Webster, Gomez, Pete, Raul, Karen Graf, Knight, Rikli, Feeney, Lowrie, Paramo, Adair, Scott, Nemmert, and Krause;

2.  Violation of 18 U.S.C. section 1962(c) (RICO) against Defendants Patti and Ron Peoples, Webster, Gomez, Pete, Raul, Karen Graf, Knight, Rikli, Feeney, Lowrie, Paramo, Adair, Scott, Nemmert, and Krause;

3.  "Conspiracy to Commit Civil RICO," in violation of 18 U.S.C. section 1962(d) (RICO) against Defendants Patti and Ron Peoples, Webster, Gomez, Pete, Raul, Karen Graf, Knight, Rikli, Chao, Feeney, Lowrie, Paramo, Adair, Scott, Nemmert, and Krause;

4.  Conspiracy to violate constitutional rights pursuant to 42 U.S.C. section 1983 against Defendants Poizner, Nemmert, Ron Peoples and "others unknown";

5.   Conspiracy to interfere with civil rights pursuant to 42 U.S.C. section 1985(2) against Defendants Peoples,[1] Webster, Gomez, Pete, Raul, Karen Graf and Knight;

6.   Conspiracy to deprive Plaintiff of rights or privileges pursuant to 42 U.S.C. section 1985(3) against Defendants Peoples,[2] Webster, Gomez, Pete, Raul, Karen Graf, Knight, Nemmert, Paramo, Rikli, Lowrie "and other [sic] unknown";

7.   "Neglect to prevent conspiracy" in violation of 42 U.S.C. section 1986, against Defendants Rikli, Lowrie, Paramo, Feeney, Krause, Scott, Adair, Nemmert, Chao, and Poizner, "among others";

8.   Intentional infliction of emotional distress against Defendants Patti and Ron Peoples, Webster, Gomez, Pete, Raul, Karen Graf, Rikli, Feeney, Chao, Krause, Lowrie, Paramo, Nemmert, Adair, Scott, Knight and Poizner;

9.   Defamation against Defendants Patti and Ron Peoples, Webster, Gomez, Pete, Raul, Karen Graf, Rikli, Feeney, Krause, Lowrie, Paramo, Nemmert, Adair, Scott, Knight, Chao, Poizner and "others unknown"; and

///

///

---

[1]   Plaintiff does not indicate whether he brings the fifth claim against Defendant Patti Peoples, Defendant Ron Peoples, or both.

[2]   Plaintiff again does not indicate whether he brings the sixth claim against Defendant Patti Peoples, Defendant Ron Peoples, or both.

4

1      10.   "Conspiracy to conceal," against Defendants Patti and Ron

2   Peoples, Webster, Gomez, Pete, Raul, Karen Graf, Rikli, Feeney,

3   Krause, Lowrie, Paramo, Nemmert, Adair, Scott, Knight, Chao, Poizner

4   and "others unknown."

5

6                          **OTHER RELATED LAWSUITS**

7

8        The Court takes judicial notice of several other federal lawsuits

9   in which Plaintiff was a party and which appear to concern some of the

10  allegations in the present action.  See <u>Mir v. Little Company of Mary</u>

11  <u>Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial

12  notice of court records).[3]

13

14       In December of 2001, Secretary of Labor Elaine Chao instituted a

15  civil ERISA action in the United States District Court for the

16  District of Nevada, <u>Chao v. Graf</u>, case number CV-3:01-00698-ECR-RAM,

17  naming, <u>inter alia</u>, Plaintiff and Plaintiff's "companion" Kari Hanson

18  as Defendants.  The Complaint in this action alleged, among other

19  things, that Plaintiff breached his fiduciary duties with respect to

20  employee benefit plans administered by Employers Mutual, LLC. by,

21  among other things, depleting trust assets.  The docket indicates that

22  Defendant Adair appeared as counsel for the Tax Division of the United

23  States Department of Justice, and attorney Defendant Scott appeared

24  for the United States Department of Labor.  On September 10, 2003, the

25  Court entered a default judgment against several defendants, including

26  _____

27      [3]    The dockets of these actions are available on the PACER

28  database at <u>http://pacer.uspci.uscourts.gov.</u>

1  Plaintiff and Hanson.

2

3       In March of 2003, Thomas Dillon, the court-appointed independent

4  fiduciary of the Employers Mutual, LLC employee benefit plans, filed

5  an action against Plaintiff, Hanson and others in the United States

6  District Court for the District of Nevada, in <u>Dillon v. Graf</u>, case

7  number CV-3:03-00119-DAE-VPC.  The Complaint alleged, among other

8  things, that Plaintiff was the alter ego of various Nevada corporate

9  entities allegedly operated for the sole purpose of stealing premiums

10  paid by the over 7000 Employers Mutual Plans for health insurance.

11  The Complaint alleged the following claims against Plaintiff:

12  (1) violation of 18 U.S.C. section 1962(c) (RICO); (2) violation of

13  18 U.S.C. section 1962(d) (conspiracy to commit civil RICO violation);

14  (3) fraud; and (4) breach of warranty.  On September 17, 2007, the

15  court entered a "Revised Federal Rico Judgment Under 18 U.S.C.S. §

16  1962(c)&(d) Against Defendants James Lee Graf and Kari Hanson in the

17  Amount of $74,382,711."

18

19       On November 4, 2003, Plaintiff sued a number of the current

20  Defendants, including Defendants Patti Peoples, Elaine Chao, Julie

21  Lowrie, Jan Nemmert, Debi Rikli, and Jill Feeney, in Riverside County

22  Superior Court, in <u>Graf v. Peoples</u>, Riverside County Superior Court

23  case number RIC402741.[4]  The federal defendants removed that action to

24  this Court, where it was filed in as <u>Graf v. Peoples</u>, EDCV 03-1411-VAP

25

26  _____

27       [4]    The Court takes judicial notice of the docket in this
   action, available via the California courts' website at
28  <u>www.courtinfo.ca.gov.</u>  See <u>Mir v. Little Company of Mary Hosp.</u>,
   844 F.2d at 649.

(SGL).   On January 23, 2004, the Court dismissed the action against the United States Department of Labor, the United States Postal Service, the United States Department of Justice and the United States on the grounds of sovereign immunity and failure to exhaust administrative remedies as required by the Federal Tort Claims Act. The Court remanded the action to the Riverside County Superior Court, where the action remains pending.[5]

In November of 2005, Plaintiff filed an action in this Court against the California Department of Insurance, the California Insurance Commissioner, and a state administrative law judge, in Graf v. Department of Insurance, State of California, CV 05-8003-CJC(E). Plaintiff alleged, among other things, that he was the victim of wrongful proceedings commenced by the California Department of Insurance resulting in a cease and desist order, and that the defendants' actions caused Plaintiff to be prosecuted in this Court. On February 17, 2006, the Court dismissed the claims against the California Department of Insurance and the individual defendants in their official capacities on Eleventh Amendment grounds, without leave to amend and with prejudice.   The Court also dismissed, without leave to amend and without prejudice, Plaintiff's claims against the administrative law judge and Plaintiff's claims against the California Insurance Commissioner in his official capacity.   The Court granted Plaintiff leave to file a Second Amended Complaint attempting to

---

[5]      The docket in Graf v. Peoples shows that the court has set a hearing for November 5, 2008 on an order to show cause why the case should not be dismissed unless judgment or dismissal is entered prior to November 5, 2008 (i.e., within five years after the filing of the complaint).

1   allege individual capacity claims against the California Insurance

2   Commissioner.   Plaintiff failed to file a timely Second Amended

3   Complaint, however, and the Court dismissed the action without

4   prejudice for failure to prosecute.

5

6       In April of 2004, a federal grand jury indicted Plaintiff in this

7   District for, among other things, conspiracy, mail fraud and

8   misappropriation from a health care benefit program in connection with

9   Employers Mutual, LLC, in United States v. Graf, case number CR 04-

10   492-MMM.[6]  Defendant Assistant United States Attorney Feeney was the

11   prosecutor in the case.   On November 16, 2005, a jury found Plaintiff

12   guilty of conspiracy, mail fraud, misappropriation from a health care

13   benefit program, conducting unlawful monetary transactions, and

14   obstruction of justice.   On February 5, 2007, the Court sentenced

15   Plaintiff to a total prison term of twenty-five years and payment of

16   restitution in excess of $20 million.

17

18                           **DISCUSSION**

19

20   **I.**    **Sovereign Immunity**

21

22       Plaintiff purports to sue the state and federal Defendants in

23   both their individual and official capacities.   Official capacity

24   claims against individual Defendants must be construed as claims

25   _____

26       [6]    The grand jury also indicted Hanson on similar charges.
On June 30, 2005, Hanson entered a plea of guilty to
27   misappropriation from a health benefit plan and subscription to a
false tax return.  On April 17, 2007, the Court sentenced Hanson
28   to a prison term of eighteen months and restitution.

1   against the entity by whom they are employed.  See Kentucky v. Graham,

2   473 U.S. 159, 165-66 (1985); Gilbert v. DaGrossa, 756 F.2d 1455, 1458

3   (9th Cir. 1985) (suit against IRS employees in their official

4   capacities "essentially a suit against the United States"; citation

5   omitted).

6

7       Plaintiff may not assert RICO claims against federal agencies or

8   the federal government.  See Berger v. Pierce, 933 F.2d 393, 397 (6th

9   Cir. 1991) ("it is clear that there can be no RICO claims against the

10  federal government") (citation omitted); accord McNeily v. United

11  States, 6 F.3d 343, 350 (5th Cir. 1993); Taxpayers of United States of

12  America v. Bush, 2004 WL 3030076, at *6 (N.D. Cal. Dec. 30, 2004);

13  Dees v. California State Univ., Hayward, 33 F. Supp. 2d 1190, 1201

14  (N.D. Cal. 1998).

15

16      Additionally, Plaintiff may not assert federal civil rights

17  claims against federal agencies.  "Absent a waiver, sovereign immunity

18  shields the Federal Government and its agencies from suit."  Federal

19  Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1993).  The United

20  States has not waived sovereign immunity with respect to

21  constitutional claims for damages.  Rivera v. United States, 924 F.2d

22  948, 951 (9th Cir. 1991); Thomas-Lazear v. Federal Bureau of

23  Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988); see Hodge v.

24  Dalton, 107 F.3d 705, 707 (9th Cir.), cert. denied, 522 U.S. 815

25  (1997) (doctrine of sovereign immunity extends to federal employees in

26  their official capacities).

27  ///

28  ///

1   With respect to Plaintiff's constitutional claims, although the

2 Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"), provides a

3 limited waiver of immunity for some claims, the FTCA does not waive

4 immunity for constitutional torts.  Federal Deposit Ins. Corp. v.

5 Meyer, 510 U.S. at 477-78; see 28 U.S.C. §§ 2679(b)(1), 2679(b)(2)(A).

6 With respect to Plaintiff's state law claims, the FTCA does not

7 provide a waiver of immunity with respect to any claim arising out of

8 assault, battery, false imprisonment, false arrest, malicious

9 prosecution, abuse of process, libel, slander, misrepresentation,

10 deceit or interference with contract rights, other than a claim for

11 assault, battery, false imprisonment, false arrest, abuse of process

12 or malicious prosecution arising out of the acts or omissions of

13 federal investigative or law enforcement officers.  See 28 U.S.C. §

14 2680(h).  In any event, Plaintiff neither alleges an FTCA claim nor

15 pleads compliance with FTCA's administrative exhaustion requirement,

16 which is jurisdictional.  See 28 U.S.C. § 2675(a); Brady v. United

17 States, 211 F.3d 499, 502 (9th Cir.), cert. denied, 531 U.S. 1037

18 (2000) (plaintiff must "strictly adher[e]" to FTCA's administrative

19 exhaustion requirement, which is jurisdictional; citation and

20 quotations omitted).

21

22 **II. Eleventh Amendment**

23

24   Plaintiff may not sue Defendant state officials for damages in

25 their official capacities.  The Eleventh Amendment bars suits for

26 damages against state officials in their official capacities.  See

27 Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989);

28 Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999), cert. denied,

1    528 U.S. 816 (1999).[7]

2

3    **III. Prosecutorial and Witness Immunity**

4

5         Plaintiff's claims against the federal prosecutors appear to

6    arise out of acts taken in connection with the prosecution of the

7    federal criminal case against Plaintiff.  A prosecutor is shielded by

8    absolute prosecutorial immunity for acts taken in his or her capacity

9    as an advocate for the state "when performing the traditional

10   functions of an advocate" in initiating and pursuing a criminal

11   prosecution.  See Kalina v. Fletcher, 522 U.S. 118, 123-25, 131 (1997)

12   (prosecutor immune for acts in connection with preparation and filing

13   of information and motion for arrest warrant, but not immune for

14   vouching personally for allegations contained in certification

15   supporting issuance of arrest warrant); Buckley v. Fitzsimmons, 509

16   U.S. 259, 273 (1993) (immunity extends to prosecutor's "professional

17   evaluation of evidence assembled by the police and appropriate

18   preparation for its presentation at trial or before a grand jury");

19   Burns v. Reed, 500 U.S. 478, 491-93 (1991) (prosecutor immune for acts

20   of appearing before judge and presenting evidence in support of motion

21   for search warrant, but not immune for giving legal advice to police);

22   Broam v. Brogan, 320 F.3d 1023, 1031-33 (9th Cir. 2003) (prosecutor

23   _____

24        [7]    In a purported "effort to forestall the defendants[']
25   claims of immunity," the Complaint alleges that the case is
     "controlled" by Ex Parte Young, 209 U.S. 123 (1908) (Complaint,
26   p. 82).  Ex Parte Young held that the Eleventh Amendment does not
     bar a suit against state officials in their official capacities
27   for prospective injunctive relief from alleged unconstitutional
     state action.  See Ex Parte Young, 209 U.S. at 159-60.  However,
28   Plaintiff does not seek injunctive relief in this action.

1 immune for failing to investigate adequately prior to filing charges,

2 failing to turn over exculpatory material to the defense, and

3 gathering additional information during the pendency of criminal

4 proceedings).  Such immunity applies even in cases involving

5 allegations of malice, bad faith, or conspiracy.  See Ashelman v.

6 Pope, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (en banc).  Prosecutorial

7 immunity also extends to a government official for his or her role in

8 prosecuting civil and administrative proceedings.  See Butz v.

9 Economou, 438 U.S. 478, 512-13 (1978); Mischler v. Clift, 191 F.3d

10 998, 1004 (9th Cir. 1999); Demery v. Kupperman, 735 F.2d 1139, 1143-44

11 (9th Cir. 1984), cert. denied, 469 U.S. 1127 (1985).

12

13    Plaintiff appears to sue some Defendants for alleged civil rights

14 violations based on Defendants' testimony in connection with court

15 proceedings.  Witnesses generally enjoy absolute immunity from civil

16 liability for damages under 42 U.S.C. section 1983 for their

17 testimony.  Briscoe v. LaHue, 460 U.S. 325, 326, 329 (1983); Franklin

18 v. Terr, 201 F.3d 1098, 1102 (9th Cir. 2000).  This immunity applies

19 even where the witnesses allegedly gave perjured testimony, see

20 Briscoe v. LaHue, 460 U.S. at 326, or allegedly conspired to present

21 another's perjured testimony at trial, see Franklin v. Terr, 201 F.3d

22 at 1101-02.

23

24 **IV.  RICO Claims**

25

26    The elements of a RICO claim are "(1) conduct (2) of an

27 enterprise (3) through a pattern (4) of racketeering activity (known

28 as 'predicate acts') (5) causing injury to plaintiff's 'business or

1   property.'"   Living Designs, Inc. v. E.I. Dupont de Nemours and Co.,

2   431 F.3d 353, 361 (9th Cir. 2005), cert. denied, 547 U.S. 1192 (2006).

3   For purposes of RICO, "racketeering activity" means: (1) "any act or

4   threat involving murder, kidnapping, gambling, arson, robbery,

5   bribery, extortion, dealing in obscene matter, or dealing in a

6   controlled substance or listed chemical . . . which is chargeable

7   under State law and punishable by imprisonment for more than one

8   year"; and (2) any act indictable under a number of specified federal

9   criminal statutes.   See 18 U.S.C. § 1961(1).   A "pattern of

10  racketeering activity" requires at least two predicate acts of

11  racketeering activity.   18 U.S.C. § 1961(5).

12

13      Plaintiff's RICO claims incorporate the Complaint's initial

14  lengthy description of many different asserted acts of wrongdoing by

15  various Defendants.   Plaintiff does not expressly identify any RICO

16  predicate acts, but simply incorporates his previous allegations.

17  Such "shotgun" pleading is insufficient to plead a RICO claim.   See

18  Savage v. Council on American-Islamic Relations, Inc., 2008 WL

19  2951281, at *14 (N.D. Cal. July 25, 2008) (RICO claim insufficient

20  where plaintiff set forth a "redundant narrative of allegations and

21  conclusions of law, but [made] no attempt to allege what facts are

22  material to his claims under the RICO statute, or what facts are used

23  to support what claims under particular subsections of RICO"); Federal

24  Reserve Bank of San Francisco v. HK Systems, 1997 WL 227955, at *3

25  (N.D. Cal. Apr. 24, 1997) (complaint insufficient for failure to

26  "identify exactly which acts are 'predicate acts' for RICO

27  liability").

28  ///

1    To the extent Plaintiff attempts to allege predicate acts of mail

2  fraud or wire fraud, the Complaint is insufficient.  To allege mail

3  fraud or wire fraud, Plaintiff must allege that: (1) Defendants formed

4  a scheme or artifice to defraud; (2) Defendants used or caused the use

5  of the United States mails or wires in furtherance of the scheme; and

6  (3) Defendants did so with the specific intent to deceive or defraud.

7  See Schreiber Distr. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d

8  1393, 1399-1400 (9th Cir. 1986).  Rule 9(b) of the Federal Rules of

9  Civil Procedure requires that Plaintiff plead the fraud "with

10  particularity."  See also Odom v. Microsoft Corp., 486 F.3d 541, 553-

11  54 (9th Cir.) (en banc), cert. denied, 128 S. Ct. 464 (2007); Alan

12  Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.

13  1988), cert. denied, 493 U.S. 858 (1989).  Plaintiff "must state the

14  time, place, and specific content of the false representations as well

15  as the identities of the parties to the misrepresentation."  Odom v.

16  Microsoft Corp., 486 F.3d at 553-54 (citation, internal quotations and

17  brackets omitted) (holding that, in the circumstances of the case,

18  plaintiff store customer need not plead the identities of store

19  employees who allegedly established an Internet service account

20  without plaintiff's knowledge or consent).  The Complaint does not

21  clearly allege any particular acts of mail fraud or wire fraud

22  committed by any particular Defendants which could constitute RICO

23  predicate acts.  Plaintiff's general litany of alleged conspiracy,

24  threats, defamatory statements, assaults and kidnapping does not

25  suffice to plead mail or wire fraud with the particularity required by

26  Rule 9(b).

27  ///

28  ///

14

1    Additionally, Plaintiff may not bring a RICO claim against a
2    state agency (or state official in his or her official capacity) based
3    on alleged predicate acts of mail fraud, wire fraud, or any alleged
4    predicate act requiring proof of specific intent to defraud or malice.
5    "[G]overnment entities are incapable of forming [the] malicious intent
6    necessary to support a RICO action." Pedrina v. Chun, 97 F.3d 1296,
7    1300 (9th Cir. 1996), cert. denied, 520 U.S. 1268 (1997) (citation
8    omitted); see also Lancaster Community Hosp. v. Antelope Valley Hosp.
9    Dist., 940 F.2d 397, 404 (9th Cir. 1991), cert. denied, 502 U.S. 1094
10   (1992).

11

12    It appears that Plaintiff also bases his RICO claims on alleged
13   constitutional and state civil law violations.  However, "[c]ivil
14   rights violations and injury to reputation do not fall within the
15   statutory definition of 'racketeering activity,'" and hence are not
16   predicate acts for RICO purposes. See Bowen v. Olstead, 125 F.3d 800,
17   806 (9th Cir. 1997), cert. denied, 524 U.S. 938 (1998).  State
18   criminal offenses not named as predicate acts in 18 U.S.C. section
19   1961(1), or which are not punishable by imprisonment for more than a
20   year, also do not qualify. See 18 U.S.C. § 1961(1).

21

22    To the extent Plaintiff sues for violation of section 1962(b) of
23   RICO, the Complaint is insufficient.  Section 1962(b) of RICO makes it
24   unlawful "for any person through a pattern of racketeering activity or
25   through collection of an unlawful debt to acquire or maintain,
26   directly or indirectly, any interest in or control of any enterprise
27   which is engaged in, or the activities of which affect, interstate or
28   foreign commerce."  To state a RICO claim for violation of 18 U.S.C.

1  section 1962(b), Plaintiff must allege: (1) Defendant's activity

2  leading to Defendant's control or acquisition over a RICO enterprise;

3  and (2) an injury resulting from Defendant's control or acquisition of

4  a RICO enterprise.  <u>Wagh v. Metris Direct, Inc.</u>, 363 F.3d 821, 830

5  (9th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1043 (2004), <u>overruled on</u>

6  <u>other grounds</u>, <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 551 (9th Cir.

7  2007) (en banc).  Plaintiff does not allege how each RICO Defendant's

8  alleged conduct assertedly led to that Defendant's control or

9  acquisition over a RICO enterprise, and does not allege actionable

10 injury resulting from any such control or acquisition.

11

12     Plaintiff bases his section 1962(b) claim on allegations that

13 Defendants engaged in unlawful debt collection (<u>see</u> Complaint, First

14 Claim for Relief).  As used in RICO, an "unlawful debt" is one:

15

16     (A) incurred or contracted in gambling activity which was in

17         violation of the law of the United States, a State or

18         political subdivision thereof, or which is unenforceable

19         under State or Federal law in whole or in part as to

20         principal or interest because of the laws relating to usury,

21         and (B) which was incurred in connection with the business

22         of gambling in violation of the law of the United States, a

23         State or political subdivision thereof, or the business of

24         lending money or a thing of value at a rate usurious under

25         State or Federal law, where the usurious rate is at least

26         twice the enforceable rate.

27

28 18 U.S.C. § 1961(6).  Plaintiff does not allege how any asserted debt

1  was unenforceable under any state or Federal law.  Moreover, assuming,

2  arguendo, the asserted unlawful debt is the alleged loan to Plaintiff

3  from Plaintiff's father-in-law, Defendant Knight, Plaintiff has not

4  alleged facts showing the alleged debt was incurred in connection with

5  the business of gambling or the business of lending money at any

6  usurious rate.

7

8      Plaintiff's section 1962(c) claim also is insufficient.[8]  To

9  allege a violation of section 1962(c), Plaintiff must show some degree

10 of participation "in the operation or management of the enterprise

11 itself."  Reves v. Ernst & Young, 507 U.S. 170, 185 (1993).  One who

12 has no managerial role is not liable.  Pedrina v. Chun, 97 F.3d at

13 1300 (on summary judgment, allegations that mayor did not control, but

14 rather was controlled by, the alleged RICO enterprise, insufficient to

15 show section 1962(c) violation).  Plaintiff has not pleaded the

16 requisite participation with respect to each Defendant sued for

17 violation of section 1962(c).  Additionally, to allege standing to

18 assert a section 1962(c) RICO claim, Plaintiff must allege facts to

19 show that use of the funds assertedly derived from the alleged

20 racketeering activity proximately caused Plaintiff's alleged injury.

21 See Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1149 (9th

22 Cir. 2008); see also Wagh v. Metris Direct, Inc., 363 F.3d at 829.

23 The Complaint fails to allege facts showing such standing.

24 _____

25     [8]    Section 1962(c) makes it unlawful "for any person
26 employed by or associated with any enterprise engaged in, or the
   activities of which affect, interstate or foreign commerce, to
27 conduct or participate, directly or indirectly, in the conduct of
   such enterprise's affairs through a pattern of racketeering
28 activity or collection of unlawful debt."

1    To the extent Plaintiff's RICO claims under section 1962(b) and

2    section 1962(c) are insufficient, Plaintiff's conspiracy claim under

3    section 1962(d) also is insufficient.  See Wagh v. Metris Direct,

4    Inc., 363 F.3d at 831; Religious Technology Center v. Wollersheim, 971

5    F.2d 364, 367 n.8 (9th Cir. 1992).

6

7    The Complaint also fails clearly to allege a cognizable RICO

8    injury.  A private party may bring a civil RICO action only if he or

9    she has been "injured in his [or her] business or property by reason

10   of a violation of section 1962."  18 U.S.C. § 1964(c); Sedima,

11   S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).  Plaintiff must

12   show a concrete financial loss.  Guerrero v. Gates, 442 F.3d 697, 707

13   (9th Cir. 2006) (footnote omitted); Savage v. Council on American-

14   Islamic Relations, Inc., 2008 WL 2951281, at *13.  "Without a harm to

15   a specific business or property interest - a categorical inquiry

16   typically determined by reference to state law - there is no injury to

17   business or property within the meaning of RICO."  Diaz v. Gates, 420

18   F.3d 897, 900 (9th Cir. 2005) (en banc), cert. denied, 546 U.S. 1131

19   (2006).  The Complaint fails to allege clearly a harm to such a

20   specific business or property interest of Plaintiff.  Plaintiff's

21   allegations of emotional distress do not suffice; damages for

22   emotional distress are not available under RICO.  See Diaz v. Gates,

23   420 F.3d at 899-900.

24

25   **V.   Civil Rights Claims**

26

27   Plaintiff may not sue any supervisor Defendant for civil rights

28   violations on the theory that the supervisor is liable for the acts of

1  his or her subordinates.  See Polk County v. Dodson, 454 U.S. 312, 325

2  (1981).  A supervisor may be held liable in his or her individual

3  capacity "for [his or her] own culpable action or inaction in the

4  training, supervision or control of [his or her] subordinates."

5  Watkins v. City of Oakland, Cal., 145 F.3d 1087, 1093 (9th Cir. 1998)

6  (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.

7  1991)).  To state a claim against any individual Defendant, Plaintiff

8  must allege facts showing that each individual Defendant participated

9  in or directed the alleged violation, or knew of the violation and

10  failed to act to prevent it.  See Barren v. Harrington, 152 F.3d 1193,

11  1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff

12  must allege facts, not simply conclusions, that show that an

13  individual was personally involved in the deprivation of his civil

14  rights."); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

15

16      To the extent Plaintiff purports to allege a violation of 42

17  U.S.C. section 1983 arising out of asserted verbal harassment or

18  defamation, the Complaint is insufficient.  Mere verbal harassment or

19  threats do not violate the Constitution.  See Keenan v. Hall, 83 F.3d

20  1083, 1092 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998);

21  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Moreover,

22  "[d]amage to reputation alone is not actionable under section 1983."

23  Hart v. Parks, 450 F.3d 1059, 1069 (9th Cir. 2006) (citing Paul v.

24  Davis, 424 U.S. 693, 711-12 (1976)).  To support a section 1983 claim

25  based on injury to reputation, a plaintiff must allege "that the

26  stigma was accompanied by some additional deprivation of liberty or

27  property. . . protected by the state that directly affects the

28  plaintiff's rights."  Miller v. California, 355 F.3d 1172, 1178 (9th

1  Cir. 2004) (citation omitted).  Plaintiff's section 1983 claim

2  contains no such allegations.

3

4      In his section 1985(2) claim, Plaintiff alleges that various

5  named Defendants conspired to deter or hinder Plaintiff from freely

6  attending or testifying as a party in court proceedings.  Section

7  1985(2) provides:

8

9      If two or more persons in any State or Territory conspire to

10     deter, by force, intimidation, or threat, any party or

11     witness in any court of the United States from attending

12     such court, or from testifying to any matter pending

13     therein, freely, fully, and truthfully, or to injure such

14     party or witness in his person or property on account of his

15     having so attended or testified, or to influence the

16     verdict, presentment, or indictment of any grand or petit

17     juror in any such court, or to injure such juror in his

18     person or property on account of any verdict, presentment,

19     or indictment lawfully assented to by him, or of his being

20     or having been such juror; or if two or more persons

21     conspire for the purpose of impeding, hindering,

22     obstructing, or defeating, in any manner, the due course of

23     justice in any State or Territory, with intent to deny to

24     any citizen the equal protection of the laws, or to injure

25     him or his property for lawfully enforcing, or attempting to

26     enforce, the right of any person, or class of persons, to

27     the equal protection of the laws.

28  ///

20

1   The first clause of section 1985(2) concerns access to federal

2   court proceedings.  See Portland v. County of Santa Clara, 995 F.2d

3   898, 908-09 (9th Cir. 1993).  The second clause concerns access to

4   state court proceedings.  Id.  Plaintiff does not identify any

5   particular court proceeding with respect to which any Defendant

6   allegedly engaged in acts prohibited by section 1985(2).  To the

7   extent Plaintiff alleges Defendants assertedly hindered Plaintiff's

8   access to state court proceedings, the claim is insufficient.  Any

9   claim based on the second clause of section 1985(2) requires an

10  allegation of class-based animus.  See Portland v. County of Santa

11  Clara, 995 F.2d at 909.  The Complaint contains no such allegation.

12

13  Furthermore, "[a]llegations of witness intimidation under section

14  1985(2) will not suffice for a cause of action unless it can be shown

15  the litigant was hampered in being able to present an effective case."

16  Blankenship v. McDonald, 176 F.3d 1192, 1196 (9th Cir. 1999), cert.

17  denied, 528 U.S. 1153 (9th 2000) (citation, internal brackets and

18  quotations omitted).  Plaintiff does not allege how any act or acts

19  allegedly violating section 1985(2) hampered Plaintiff from presenting

20  an effective case in any federal or state litigation.[9]

21

22  To state a claim under 42 U.S.C. section 1985(3), the plaintiff

23  must allege a conspiracy to deprive the plaintiff of his civil rights,

24  motivated by class-based, invidious animus.  See Bray v. Alexandria

25

26  _____

27  [9]   As discussed below, to the extent Plaintiff contends
    that any Defendant's alleged violation of section 1985(2)
    implicates the validity of Plaintiff's criminal conviction, any
28  such claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

1  <u>Women's Health Clinic</u>, 506 U.S. 263, 267-68 (1993); <u>Griffin v.</u>

2  <u>Breckenridge</u>, 403 U.S. 88, 101-02 (1971); <u>Butler v. Elle</u>, 281 F.3d

3  1014, 1028 (9th Cir. 2002).  The Complaint contains no such

4  allegations.  Moreover, the vitality of any section 1985 claim is

5  premised upon a cognizable section 1983 claim predicated on the same

6  allegations.  <u>Caldeira v. County of Kauai</u>, 866 F.2d 1175, 1182 (9th

7  Cir.), <u>cert. denied</u>, 493 U.S. 817 (1989).  Therefore, to the extent

8  that the Complaint fails to state a section 1983 claim, any claim

9  based on section 1985(3) also fails.

10

11      Section 1986 of Title 42 makes it unlawful to fail to prevent a

12  wrong actionable under section 1985.  Because section 1986 liability

13  is derivative of liability under section 1985, a claim can only be

14  stated under section 1986 if the complaint states a valid claim under

15  section 1985.  <u>McCalden v. California Library Ass'n</u>, 955 F.2d 1214,

16  1223 (9th Cir. 1990), <u>cert. denied</u>, 504 U.S. 957 (1992).  Because

17  Plaintiff's section 1985 claims are insufficient, his section 1986

18  claim is insufficient as well.

19

20  **VI.  Heck v. Humphrey**

21

22      In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) ("<u>Heck</u>"), the Supreme

23  Court held that, in order to pursue a claim for damages arising out of

24  an allegedly unconstitutional conviction or imprisonment, or for other

25  harm caused by actions whose unlawfulness would render a conviction or

26  sentence invalid, a civil rights plaintiff must prove that the

27  conviction or sentence has been "reversed on direct appeal, expunged

28  by executive order, declared invalid by a state tribunal authorized to

1  make such determination, or called into question by a federal court's
2  issuance of a writ of habeas corpus." <u>Id.</u> at 486-87.  "A claim for
3  damages bearing that relationship to a conviction or sentence that has
4  *not* been so invalidated is not cognizable under § 1983." <u>Id.</u> at 487
5  (original emphasis).  <u>Heck</u> applies to claims brought under section
6  1985(2) and section 1985(3) as well as to section 1983 claims.  <u>See</u>
7  <u>Marlow v. City of Orange</u>, 2008 WL 2415440, at *2 (9th Cir. June 12,
8  2008); <u>McQuillion v. Schwarzenegger</u>, 369 F.3d 1091, 1098 n.4 (9th Cir.
9  2004).

10

11      To the extent Plaintiff asserts claims for damages based on
12  allegations that Defendants assertedly engaged in activity which
13  allegedly caused Plaintiff to be convicted wrongfully, such claims are
14  barred by <u>Heck</u>.  <u>See Heck</u>, 512 U.S. at 479, 490 (upholding dismissal
15  of civil rights action for damages alleging that two prosecutors and a
16  police investigator had engaged in an unlawful investigation and
17  arrest, knowingly destroyed alleged exculpatory evidence, and caused
18  an unlawful voice identification procedure to be used at the
19  plaintiff's trial); <u>Guerrero v. Gates</u>, 442 F.3d at 703-04 (claims for
20  false arrest, malicious prosecution, and conspiracy to bring false
21  charges against plaintiff barred by <u>Heck</u>); <u>Smithart v. Towery</u>, 79 F.3d
22  951, 952 (9th Cir. 1996) (where plaintiff entered "<u>Alford</u>" plea[10] to
23  criminal charges, "no question" that Heck barred plaintiff's claims
24  that defendants lacked probable cause to arrest him and brought
25  unfounded criminal charges against him); <u>Harris v. California</u>, 2008 WL
26  595880, at *3 (S.D. Cal. Mar. 3, 2008) (<u>Heck</u> barred claim that

27  _____

28      [10]    See <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970).

23

1  plaintiff's criminal trial was based on perjured testimony).

2

3      The principles espoused in <u>Heck</u> also apply to Plaintiff's state

4  law tort claims.   <u>See</u> <u>Yount v. City of Sacramento</u>, 43 Cal. 4th 885,

5  902, 76 Cal. Rptr. 3d 787, 183 P.3d 471 (2008); <u>Susag v. City of Lake</u>

6  <u>Forest</u>, 94 Cal. App. 4th 1401, 1412-13, 115 Cal. Rptr. 2d 269 (2002).

7

8                          **CONCLUSION AND ORDER**

9

10      For the foregoing reasons, the Complaint is dismissed with leave

11  to amend.   If Plaintiff still wishes to pursue this action, he is

12  granted thirty (30) days from the date of this Memorandum and Order

13  within which to file a First Amended Complaint.   The First Amended

14  Complaint shall be complete in itself.   It shall not refer in any

15  manner to any prior complaint.   Plaintiff shall not add any new

16  defendants without leave of court.   Failure to file timely a First

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1  Amended Complaint in compliance with this Memorandum and Order may

2  result in the dismissal of this action.

3

4      IT IS SO ORDERED.

5

6      DATED: Aug 31 _____, 2008.

7

8

9      _____

       VIRGINIA A. PHILLIPS

10     UNITED STATES DISTRICT JUDGE

11

12

13

14  Presented this 28th day of

15  August, 2008, by

16

17  _____

       CHARLES F. EICK

18  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28